UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SPHERION PACIFIC WORKFORCE, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-00986-JST<br><br>**ORDER GRANTING MOTION TO AMEND AND MOTION TO REMAND**<br><br>Re: ECF Nos. 18, 19 |

Following removal of this case from the state court in the County of San Francisco, Plaintiffs moved to amend their complaint to add two additional defendants and, because the additional defendants would destroy complete diversity, to remand the case to state court. ECF Nos. 18, 19. Defendants oppose the motion. The Court will grant leave to amend and remand the case to state court.

**I.    BACKGROUND**

Plaintiffs Great American Insurance Company ("Great American") and California Physicians' Service d/b/a Blue Shield of California ("BSC") filed this action against Defendants Spherion Pacific Workforce, LLC, Spherion Atlantic Workforce, LLC, and SFN Professional Services, LLC (collectively, "Spherion") and Does 1 through 50 on June 24, 2015 in the San Francisco Superior Court. ECF No. 1-3 at 4 ("Compl."). The following facts are alleged in Plaintiffs' original complaint.

BSC is a health plan provider, and Great American is an insurance provider for BSC. Compl. ¶¶ 1-2. Spherion is a "national staffing company that provides businesses with temporary employees in various industries." Id. ¶ 9. Plaintiffs are both corporations doing business in California, while the defendant corporations are Delaware companies. Compl. ¶¶ 1-3. Spherion

entered into a 2005 agreement with BSC to provide staffing, under which it was "to screen, interview, and reference check its personnel and would remain responsible for any personnel sent to BSC." Id. ¶¶ 11-12.

Plaintiffs' claims are based on allegations of fraudulent conduct of two individuals, Skylar Phoenix and Lisa Beckwith. Plaintiffs allege that Ms. Phoenix was Marketing Director for BSC, and created job requests and openings through Spherion, then referred Ms. Beckwith, who presented herself as an employee of Spherion, for each of those jobs. Id. ¶¶ 23-24. Ms. Beckwith would then submit time cards for approval to Spherion, which were approved by Ms. Phoenix, and Spherion would then bill BSC. Id. ¶ 25. In total, Spherion generated billing totaling 5,220 hours for Ms. Beckwith, although Ms. Beckwith never performed any work for BSC and was not qualified for the positions for which she was retained. Id. ¶¶ 27-28. Plaintiffs contend that Spherion failed to properly screen, interview, and reference check Ms. Beckwith, in breach of their agreement. Id. ¶ 30. Their original complaint brings claims for breach of contract and negligence against Defendants. Id.

Defendants removed the case to this Court on February 29, 2016. ECF No. 1. On May 3, 2016, Plaintiffs filed these motions to amend their complaint and to remand the case back to San Francisco Superior Court. ECF Nos. 18, 19. The proposed First Amended Complaint seeks to add Skylar Phoenix and Lissa Phoenix, a.k.a Lisa Beckwith, as Defendants.[1] ECF No. 18-1. Both are California residents. Id. ¶¶ 7-8. The amended complaint again alleges that Spherion reached a 2005 agreement with BSC to provide staffing, that Skylar Phoenix and Lissa Phoenix conducted a "ghost employee" fraud against BSC, and that Spherion failed to properly screen, interview, and reference check Ms. Lisa Beckwith/Lissa Phoenix. Id. ¶¶ 12-34. In addition to its two claims against Spherion, Plaintiffs now seek to bring three additional claims for fraud, conversion, and civil conspiracy and civil aiding and abetting against Skyler Phoenix and Lissa Phoenix. See id. No claims are brought against both the Spherion entities and the Phoenix defendants.

Defendants filed oppositions to both motions on May 17, 2016. ECF Nos. 24, 25.

---

[1] The proposed amended complaint also appears to add Randstad North America, Inc., another Delaware corporation. ECF No. 18-1. This addition is not contested or discussed by the parties.

Plaintiffs replied on May 24, 2016. ECF No. 27.

## II. LEGAL STANDARD

Plaintiffs' Motion to Amend sought to offer arguments in favor of leave to amend under Federal Rule of Civil Procedure 15(a), which states that leave to amend ""shall be freely given when justice so requires." However, Defendants contend that the proper standard for review of this motion is under 28 U.S.C. § 1447, because the request to amend has occurred after removal and the amendment would destroy subject matter jurisdiction. ECF No. 23 at 5-6. Case law in this district supports Defendants on this point. See, e.g. Bakshi v. Bayer Healthcare, LLC, No. C07-00881 CW, 2007 WL 1232049, at *2 (N.D. Cal. Apr. 26, 2007) ("Once a case has been removed, a diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court. Therefore, a district court must scrutinize a proposed diversity-destroying amendment to ensure that it is proper; in other words, 28 U.S.C. § 1447(e) applies and the logic and policy of Rule 15(a) do not apply."). Plaintiffs do not contest this point, and indeed appear to have been aware of it when filing their Motion to Amend, as they also filed a separate Motion to Remand that offers analysis under section 1447. The Court will consider these motions under the standard for 28 U.S.C. § 1447.

28 U.S.C. § 1447(e) provides that if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The Ninth Circuit has recognized that the permissive terms of § 1447(e) grant the district court discretion when determining whether to permit joinder that will destroy diversity jurisdiction." Greer v. Lockheed Martin, No. CV 10-1704 JF HRL, 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010). It has instructed courts to "look with particular care" at such cases, "when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." Bakshi, 2007 WL 1232049, at *2. Courts generally consider six factors:

> (1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant

appear valid; and (6) whether denial of joinder will prejudice the plaintiff. Id.; see also Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000); Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1019–20 (C.D. Cal. 2002).

## III.   DISCUSSION

Defendants do not appear to contest that the addition of Skylar Phoenix and Lissa Phoenix, as residents of California, would destroy complete diversity and that without diversity, this Court will lack jurisdiction over this case. They contend that leave to amend should be denied because Plaintiffs requested it only in order to return to state court. See ECF No. 23. Based on its analysis below of the six factors under 28 U.S.C. § 1447(e), the Court will grant Plaintiffs' motions to amend and to remand.

### A.   Need for Joinder Under Fed. R. Civ. P. 19(a)

Federal Rule of Civil Procedure 19(a) provides that a court must allow a party to be joined if "in that person's absence, the court cannot accord complete relief among existing parties," or if disposing of the action in the party's absence would "impair or impede the [parties'] ability to protect [their] interest." A necessary party is one "'having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (quoting CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 912 (9th Cir. 1991)). "This standard is met when failure to join will lead to separate and redundant actions." Id. Whether a party is necessary under Rule 19 is only one factor to be considered for joinder under 28 U.S.C. § 1447(e), which "is less restrictive than the standard for joinder under Rule 19." Bakshi, 2007 WL 1232049 at *3.

Plaintiffs contend that the Phoenix defendants are necessary under Rule 19 because their alleged conduct serves as the basis for all of Plaintiffs' claims. ECF No. 19 at 5. Although they acknowledge that the claims brought against Spherion and Skylar and Lissa Phoenix are different, they argue that the facts and discovery behind both will be the same – "[t]hat is, plaintiffs will have to prove how the fraud was committed and how the corporate defendants 'acts or omissions were a substantial factor in bringing about plaintiffs harm." ECF No. 27 at 2.

"Courts that have approved discretionary joinder look at least for a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action." Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002). Thus, courts have found parties to be necessary under Rule 19(a) when their conduct forms an essential part of the parties' causes of action. See, e.g., Chan v. Bucephalus Alternative Energy Grp., LLC, No. C 08-04537 JW, 2009 WL 1108744, at *4 (N.D. Cal. Apr. 24, 2009) ("Kim's conduct is the primary basis for each of Plaintiff's causes of action, and, with respect to at least Plaintiff's tort claims, Kim could be jointly and severally liable with BAEG."); IBC Aviation, 125 F. Supp. 2d at 1012 ("Plaintiff asserts that Mr. Connolly was the principal person responsible for the acts underlying its claim against Mexicana and AeroMexpress."); Greer v. Lockheed Martin, No. CV 10-1704 JF HRL, 2010 WL 3168408, at *5 (N.D. Cal. Aug. 10, 2010) ("As in IBC Aviation Servs., Inc., the named individual defendants are alleged to have been the principal actors on behalf of the employer, and their conduct is the primary basis for Plaintiff's first, second, and fourteenth claims for relief.").

Spherion argues that the additions of Skylar and Lissa Phoenix are not necessary because the claims brought against Spherion and the Phoenix defendants are distinct. ECF No. 23 at 10. They point out that a court could conclude that the Phoenix defendants committed civil fraud, but also that Spherion was not negligent and did not breach any contract in its supervision of Skylar and Lissa Phoenix. For that reason, they argue that the Phoenix defendants are not necessary to this action. Id.

While it is true that the claims brought against Spherion and the Phoenix defendants are different, the underlying conduct for both sets of claims clearly overlaps. As Plaintiffs point out, the fraud conducted by Skylar and Lissa Phoenix is the claimed harm that was caused by Spherion's alleged negligence and breach of contract. ECF No. 27 at 3. They also point out that Spherion has asserted, as an affirmative defense, that the fault for this harm lies with the Phoenix defendants and not with Spherion. The Court therefore concludes that this factor weighs in favor of Plaintiffs.

### B. Statute of Limitations

Plaintiffs do not contend that their claims against the Phoenix defendants would be time-barred if forced to file a separate action in state court. ECF No. 19 at 6. This factor therefore

weighs in favor of Defendants.

### C. Unexplained Delay

Plaintiffs argue that because they sought amendment approximately two months after the case was removed, their request was not untimely. ECF No. 19 at 6. They also note that no scheduling order has been issued and no pretrial proceedings have occurred. Id. Defendants respond by noting that Plaintiffs waited nearly a year after filing their complaint in state court to seek leave to amend. ECF No. 23 at 12. They cite to Bakshi, 2007 WL 1232049, at *4, for the contention that there is unexcused delay when a plaintiff is aware of the non-diverse defendants at the time of filing the original complaint but fails to offer a valid explanation for why she declined to do so. Id.

In their reply, Plaintiffs assert that they waited to add Skylar and Lissa Phoenix as defendants because they were, at the time, involved in pending criminal proceedings for the same conduct. They assert that "there was concern that the entire action would be stayed until the criminal matter was resolved," if the Phoenix defendants were included, noting that Plaintiffs' counsel had encountered this issue recently in another case. ECF No. 18 at 6; No. 27 at 4. Therefore, "with the statute of limitations in mind," Plaintiffs state they decided to move forward with the Spherion defendants and to add the Phoenix defendants after their criminal proceedings ended. ECF No. 18 at 6-7. They also state that they hoped to settle the pleadings with the named Defendants and therefore to narrow the scope of discovery. Id.

Having reviewed the arguments on both sides, the Court concludes this factor weighs in favor of neither Plaintiffs nor Defendants. On the one hand, Defendants are correct that Plaintiffs waited nearly a year after filing their original complaint to seek amendment, and that they were clearly aware of the involvement of Skylar and Lissa Phoenix in their claims against Spherion. On the other hand, Plaintiffs have at least offered an explanation for that delay, and they filed their request to amend approximately two months after the case was removed. This is not far removed from other cases in which requests to amend were found to be timely. See Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (request filed approximately six weeks after removal was timely); Greer v. Lockheed Martin, No. CV 10-1704 JF HRL, 2010 WL 3168408, at *6 (N.D. Cal.

6

Aug. 10, 2010) (request filed approximately seven weeks after removal was timely).

### D. Motive

Citing to Clinco, 41 F. Supp. 2d at 1083, Defendants argue that the amended complaint is "substantially similar" to the original one, and that this suggests Plaintiff's motive is solely to destroy diversity jurisdiction. ECF No. 23 at 6-7. This argument is colorable. The amended complaint indeed appears to be essentially unchanged in its factual allegations, and there is no dispute that Plaintiffs were well aware of the critical role that the Phoenix defendants played in their claims against Spherion. However, Plaintiffs have offered the explanation that they decided to wait to add Skylar and Lissa Phoenix out of concern that doing so would lead to the entire case being stayed. Whether or not this concern was well-founded, it does at least suggest that Plaintiffs' request to amend is not solely motivated by obtaining a remand.

Defendants also argue, citing to Boon, 229 F. Supp. 2d at 1024, and Bonner v. Fuji Photo Film, 461 F. Supp. 2d 1112, 1120 (N.D. Cal. 2006), that the "suspicious" timing of the request to amend shortly after removal suggests that Plaintiffs are motivated by the desire to destroy diversity. ECF No. 23 at 7. But Plaintiffs' explanation provides a reason for this timing as well: they noted that Skylar and Lissa Phoenix did not enter their guilty pleas until after the case was removed. ECF No. 18 at 4.

Thus, the Court concludes this factor does not weigh strongly in favor of either party.

### E. Validity of the Claims

Defendants do not challenge the validity of the three claims brought by Plaintiffs against Skylar and Lissa Phoenix. In fact, as Plaintiffs note, both Skylar and Lissa Phoenix entered guilty pleas in their related criminal actions for fraud, strongly suggesting that the civil claims brought here are also valid. See ECF No. 18 at 4. Accordingly, this factor weighs in favor of Plaintiffs.

### F. Prejudice

Plaintiffs claim that a denial of leave to amend would prejudice them because they would be "forced to litigate a separate and parallel state court action against the individual defendants," despite the overlap in allegations related to both sets of claims. ECF No. 19 at 5. This "would double the litigation costs with the possibility of inconsistent results." Id. Defendants respond by

7

contending that being required to conduct parallel proceedings is not prejudicial. They cite to Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998) and Boon, 229 F. Supp. 2d at 1025, as support.

As an initial matter, Newcombe did not affirmatively hold that no prejudice results from being required to conduct parallel litigation. Rather, the Ninth Circuit reviewed a district court's reasons for denying a motion to remand under 28 U.S.C. § 1447(e), including its conclusion that there would be no undue prejudice, and simply stated generally that "[w]e agree with these conclusions and therefore conclude that the district court did not abuse its discretion." Newcombe, 157 F.3d at 691. Moreover, multiple district courts have held that forcing plaintiffs to conduct redundant or parallel litigation would be prejudicial. See, e.g., Bakshi, 2007 WL 1232049, at *5 ("[D]enying Plaintiff's Motion to Amend would be prejudicial to Plaintiff" because it "would require him to either abandon the potential claims against Glover or to commence litigation in state court against Glover."); IBC Aviation, 125 F. Supp. 2d at 1013 ("[D]enying the amendment would require Plaintiff to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims against Mr. Connolly, while allowing amendment will not prejudice the Defendants as discovery has not yet begun.").

Here, denial of leave to amend would prejudice Plaintiffs by forcing them to litigate their claims against the Phoenix defendants in a separate case. To be sure, the prejudice would not be excessive, since they are bringing separate claims against the Phoenix defendants and Spherion and will therefore need, to some degree, to offer different evidence regardless. See Boon, 229 F. Supp. 2d at 1025 (noting that prejudice is lessened when the claims against multiple defendants, and the evidence needed to prove each claim, are different). But it is inaccurate to suggest that there would be no prejudice from requiring Plaintiffs to incur additional costs and risk inconsistent rulings by filing multiple actions.

Accordingly, the Court concludes this factor weighs in favor of Plaintiffs.

## CONCLUSION

Having weighed the six factors under 28 U.S.C. § 1447(e), the Court concludes that Plaintiffs should be allowed to amend their complaint as requested. Doing so destroys diversity between the Plaintiffs and Defendants, and therefore the Court grants Plaintiffs' Motion to

1 Remand. The Clerk shall remand this case to San Francisco Superior Court.

2     IT IS SO ORDERED.

3 Dated: August 22, 2016

                                            JON S. TIGAR
                                     United States District Judge